[No. 1232.]

JOHN PRESSLER *v.* THE STATE.

1. SALE OF INTOXICATING LIQUOR TO A MINOR—EVIDENCE.—In a prosecution for selling intoxicating liquors to a minor, who, the testimony showed, wore whiskers and was of appearance calculated to deceive as to his age, the defense proposed to prove that the minor generally reported and circulated the statement that he had attained his majority; which proof was excluded, upon objection by the State. *Held*, that a want of knowledge of the minority of the minor was a proper issue in the case, and upon that the proposed evidence was clearly admissible.

2. SAME—MISTAKE OF FACT—CHARGE OF THE COURT.—See the opinion *in extenso* for a charge of the court upon the question of mistake, held error.

3. SAME—INDICTMENT—PRACTICE.—A necessary element of the offense of selling intoxicating liquors to minors, is that the accused *knowingly* sold the liquor to a minor, and this knowledge must be alleged in the indictment, and be sustained by the proof. A charge of the court should embody this principle.

APPEAL from the District Court of Nacogdoches. Tried below before the Hon. P. F. Edwards.

The opinion states the nature of the case. The penalty imposed, by a verdict of guilty, was a fine of seventy-five dollars.

The sale of the liquor to Elias Spradley was not controverted, and his minority at the time of the sale and of this trial was established by himself and his father, P. Spradley.

For the defense, it was proved that Elias Spradley, in 1881, when the whisky was purchased, wore whiskers two or three inches long, and by one witness, that on one occasion when he, Elias, bought whisky from the defendant, in answer to the defendant's challenge, "You are not twenty-one," Elias replied, "Yes, I am twenty-one." * * * *

Motion for new trial raises the questions ruled on in the opinion of the court, and assails the verdict as contrary to the law and the evidence.

*Ingraham & Jennings*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   The appellant was convicted for selling whisky to one Elias Spradley, a minor.   Spradley, when the whisky was sold, was about nineteen years of age, wore whiskers, and indeed, was a person about whom an honest mistake could have been made in regard to his age.

Upon the trial the defendant proposed to prove by E. M. Brown that Elias Spradley generally circulated and gave out that he was twenty-one years of age, and that said Spradley did this during the years 1881 and 1882.   The State objected; the court sustained the objection; the defendant excepted and reserved his bill.

Under the defense in this case, which was a want of knowledge of the minority of Spradley, this evidence was clearly admissible, bearing upon this issue.   Upon the question of mistake the court charged the jury as follows:   "In determining this last proposition, you will look at all the testimony surrounding the transaction, and, as it is impossible to ascertain what a man really knows or does not know, you will ascertain whether the facts and circumstances surrounding the transaction satisfy your minds beyond a reasonable doubt that the defendant had knowledge of, or by the use of ordinary care, diligence and prudence would have known, the age of said Elias Spradley; for the law holds a man responsible for not exercising ordinary care, prudence and diligence in his dealings; that is, such care, prudence and diligence as a man of ordinary care and prudence would exercise in managing his own private affairs.   So under this explanation, you will find whether or not the defendant did or not sell said liquor knowingly."

This charge was excepted to at the time.   It was absolutely necessary, and this indictment does charge that defendant did *knowingly* sell the liquor.   The ingredients of this offense are as follows:   Selling liquor to a minor with knowledge on part of defendant that the person to whom the liquor was sold was a minor, without proper authority.   To convict, the State must prove a sale to a minor, and that defendant knew that the party to whom the sale was made was a minor.   These are affirmative allegations and must be established by the State.   It is not an offense under the Code to sell whisky to a minor "without the written consent of the parent or guardian of said minor, or some one standing in their place or stead;" and an indictment charging these acts would be fatally defective, the word "knowingly" or one of similar import being omitted.

We are therefore of the opinion that the court below should have charged the jury that they must believe from the evidence that the defendant, when he sold the liquor, knew that the party to whom he sold was a minor, and should have omitted all that part of the charge which relates to mistakes. We are not to be understood as laying down a form for a charge of the court upon this subject. We are of the opinion that the charge was erroneous.

For the reasons above given the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 8, 1882.